**Terrence W. HATTIE, et al., Plaintiffs,**

v.

**Richard HALLOCK, et al., Defendants.**

No. 1:98–CV–0025.

United States District Court,
N.D. Ohio,
Eastern Division.

June 23, 1998.

Terrence W. Hattie, Grafton, OH, pro se.

James Eubank, Grafton, OH, pro se.

Todd R. Marti, Office of Attorney General, Columbus, OH, for Richard Hallock, Darlene Krandall, Debbie Madden, Officer Robbins, Officer Provosnick, Officer Jeffrey, Jake Noble and John Doe, 1–25.

Timothy Newell, Grafton, OH, pro se.

### MEMORANDUM & ORDER

O'MALLEY, District Judge.

Currently pending in this case are two "motions for reconsideration": (1) motion by plaintiff Hattie (docket no. 41), and (2) motion by defendants (docket no. 42). The Court construes these as motions to alter or amend judgment, brought pursuant to Fed.

R. Civ. p. 59(e). For the reasons stated below, Hattie's motion is **DENIED**, defendants' motion is **GRANTED**, and this case is **DISMISSED** without prejudice.

### I. Defendants' Motion to Amend Judgment.

■ Earlier, defendants in this case filed a motion to dismiss this action. The Court asked Magistrate Judge Patricia Hemann for a recommended ruling. The Magistrate Judge recommended that the defendants' motion to dismiss be granted as against all plaintiffs, without prejudice, because none of the plaintiffs had met the jurisdictional prerequisite of exhausting their administrative remedies.

The plaintiffs each filed objections to the Magistrate Judge's recommendation. Plaintiff Newell argued that he had, in fact, exhausted his administrative remedies, while plaintiffs Hattie and Eubank argued they were excused from the exhaustion requirement. This Court concluded that Hattie's and Eubank's objections were not well-taken, and granted defendants' motion to dismiss as to Hattie and Eubank. Regarding Newell's objection, however, the Court ruled as follows:

> the Court finds that Newell has shown he has exhausted his administrative remedies, as required under *Brown v. Toombs.* Accordingly, even though Newell did not make this showing until after the Magistrate Judge filed her recommended ruling, the Court concludes it cannot accept the Magistrate Judge's recommendation that it dismiss Newell's claims without prejudice.

Order at 7 (May 11, 1998).

■ Defendants, in their motion to alter or amend this judgment, concede that Newell has, in fact, exhausted his administrative remedies. Defendants note, however, that Newell's exhaustion was not completed until March 24, 1998—well after the case commenced. Specifically, this action was commenced by plaintiffs Hattie and Eubanks on January 8, 1998, Newell moved to intervene on February 27, 1998, and the Court granted Newell leave to intervene on March 16, 1998. Thus, Newell did not exhaust his administra-

tive remedies until two months after the lawsuit was initiated and one week after he became a party. Defendants correctly suggest that the Court did not focus on this timing earlier, when it denied defendants' motion to dismiss Newell's claims.[1] Defendants argue that, given this timing, the Court should have dismissed Newell's claims without prejudice. The Court concludes defendants' argument is well-taken. At first glance, it seems superfluous to dismiss defendants' claims against Newell without prejudice, and to require Newell to re-file his action, when it is presently clear that Newell has already exhausted his administrative remedies. *Cf. Morgan v. Arizona Dept. of Corrections*, 976 F.Supp. 892, 896 (D.Ariz. 1997) (dismissing plaintiff's claims without prejudice so that plaintiff could exhaust his administrative remedies *in the future* and re-file his action). The law is settled, however that administrative exhaustion is a mandatory prerequisite before a plaintiff may file suit.[2] 42 U.S.C. § 1997e(a) provides that *"no action shall be brought* with respect to prison conditions ... under [42 U.S.C. § 1983] ... by a prisoner confined in any jail, prison or other correctional facility *until* such administrative remedies as are available are exhausted." (Emphasis added). This exhaustion provision is "mandatory rather than directory." *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir.1997). Here, all three plaintiffs brought their action *before* exhausting their

administrative remedies. This is precisely what § 1997e(a) prohibits.

It is tempting to try and find some exception to the clear language of § 1997e(a), because it is undisputed that Newell has already exhausted his administrative remedies and he will almost surely simply re-file this action soon after receiving this Order. The Supreme Court, however, has warned against this temptation. In *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), the Supreme Court addressed the question of "whether ... an action may be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation." *Id.* 508 U.S. at 107, 113 S.Ct. 1980 (addressing the exhaustion requirements of the Federal Tort Claims Act, in a case brought by a prisoner challenging prison conditions). The Supreme Court concluded no such action could be maintained. Simply, this Court cannot ignore Congress's bright-line rule. Accordingly, the Court finds that defendants' motion for amendment of judgment is well-taken, and Newell's claims must be dismissed without prejudice.

## II. *Hattie's Motion to Amend Judgment.*

■ In his motion to alter or amend the Court's earlier judgment dismissing his

1. Fed.R.Civ.P. 59(e) provides that a Court may alter or amend its judgment if it "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990). This Court, in its earlier Order, found that Newell had exhausted his administrative remedies, so that the recommendation of the Magistrate Judge—before whom Newell had not presented evidence of exhaustion—was not fitting as to Newell. The Court, however, did not examine (or receive argument regarding) *when* Newell exhausted his administrative remedies relative to the commencement of the lawsuit. Thus, the Court's amendment of judgment is appropriately based on an "error of apprehension."

2. The Magistrate Judge called the exhaustion requirement a "jurisdictional and mandatory" prerequisite. Report at 7. Courts have divided on the question of whether the § 1997e exhaustion requirement is jurisdictional. Compare *Morgan v. Arizona Dept. of Corrections*, 976 F.Supp. 892 (D.Ariz.1997) (jurisdictional) with *Palomino v. Stanton*, 1997 WL 350099 (N.D.Cal.1997) (not

jurisdictional). The Sixth Circuit has suggested it is not jurisdictional, stating: "Section 1997e(a) ... [does not] contain[][an] explicit bar to district court jurisdiction. It, rather, indicates 'merely that only those actions shall be brought in which administrative remedies have been exhausted.'" *Wright v. Morris*, 111 F.3d at 420–21 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 757, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)); *see Thompson v. Wilkinson*, no. 97–CV–1658, slip op. at 7 (N.D.Ohio Oct. 17, 1997) (O'Malley, J.) ("in *Wright* the Sixth Circuit recognized that administrative exhaustion requirements are not always jurisdictional; however, it also left unresolved whether Congress intended the PLRA exhaustion provision to serve as a jurisdictional or mere prudential limitation"). Regardless of whether the prerequisite is jurisdictional, it is certainly mandatory, and the Sixth Circuit has stated that dismissal without prejudice is appropriate if the plaintiff has not met it. *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.1998).

claims, Hattie asserts that he no longer has any administrative remedies to exhaust, because the administrative appeals that were once available to him are now time-barred.[3] The government responds that this argument is not well-taken, because Hattie was required to actually *undertake and exhaust* his administrative appeals before filing suit, not merely let his time for appeals lapse.

The government's position appears to have some merit. The Sixth Circuit Court of Appeals has stated that "it [is] contrary to Congress's intent in enacting the [Prison Litigation Reform Act] to allow inmates to bypass the exhaustion requirement by declining to file administrative complaints and then claiming that administrative remedies are time-barred and thus not then available." *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir.1997).[4] Following this reasoning, it is equally contrary to Congress's intent to allow inmates to bypass the exhaustion requirement by declining to file administrative *appeals*, and then claiming that administrative remedies are time-barred and unavailable. This reasoning, however, is somewhat harsh: under this theory, no prisoner could bring an action in federal court regarding prison conditions unless he first timely filed an administrative complaint and affirmatively pursued all available appeals; any failure by the prisoner to timely file would later preclude a federal lawsuit completely.

The Court is unwilling to adopt the government's theory in this case, for the simple reason that Hattie's motion to alter the Court's earlier judgment must be denied on other grounds. Hattie does not explain *when* his administrative appeals became time-barred. He did not allege in his complaint when his administrative remedies became "exhausted" by virtue of being time-barred, and he has not provided this information in any document subsequently filed with the Court. The Sixth Circuit Court of Appeals has held that failure of a prisoner to affirmatively demonstrate he has exhausted available state remedies is grounds for automatic dismissal. *Brown v. Toombs*, 139 F.3d 1102, 1998 WL 136185 at *5–6 (6th Cir.1998). The Court cannot excuse Hattie's continued failure to meet the requirements of *Brown*.[5] Accordingly, Hattie's motion to alter or amend the Court's earlier dismissal of his claims is denied.

**IT IS SO ORDERED.**

---

3. In addition, Hattie: (1) reasserts the argument that he should be excused from exhausting his administrative remedies; and (2) insists exhaustion is not required under *Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). *Castille* is inapposite, and neither argument has any merit.

4. *See also Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir.1995) (applying the PLRA prior to enactment of the 1997 amendments) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal

forum without exhausting administrative remedies. Thus, we hold that a district court has the power to dismiss a prisoner's section 1983 suit under section 1997e even when administrative relief is time-barred or otherwise precluded.").

5. In its earlier Order, the Court stated it did "not dismiss [Hattie's claims] ... pursuant to *Brown*, because *Brown* was not decided until after plaintiffs filed this action and only two weeks before the Magistrate Judge issued her report." Order at 7 n. 4 (May 11, 1998). At this late juncture, however, Hattie has had notice of *Brown* for many weeks. The Court will not "reconsider" its earlier Order in the face of Hattie's continued failure to comply with *Brown*.