Dennis E. JONES 'El, Micha'el Johnson, De'Ondre Conquest, Luis Nieves, Scott Seal, Alex Figueroa, Robert Sallie, Chad Goetsch, Edward Piscitello, Quintin L'Minggio, Lorenzo Balli, Donald Brown, Christopher Scarver, Benjamin Biese, Lashawn Logan, Jason Pagliarini and Andrew Collette, and all others similarly situated, Plaintiffs,

v.

Gerald BERGE and Jon Litscher, Defendants.

No. 00–C–421–C.

United States District Court, W.D. Wisconsin.

Sept. 18, 2001.

See also 164 F.Supp.2d 1096.

Ed Garvey, Glenn M. Stoddard, Pamela R. McGillivray, Garvey & Stoddard, S.C., Madison, WI, David C. Fathi, National Prison Project of ACLU Foundation, Washington, DC, Howard B. Eisenberg, Robin Shellow, Milwaukee, WI, Micabil Diaz Martines, ACLU of WI, Milwaukee, WI, for Plaintiffs.

Stan Davis, Asst. Atty. Gen., Madison, WI, for defendants.

## OPINION AND ORDER

CRABB, District Judge.

On August 10, 2001, plaintiffs filed a motion for a preliminary injunction in which they seek a court order requiring defendants to (1) transfer six seriously mentally ill inmates from Supermax Correctional Institution to an inpatient psychiatric facility and (2) have an independent psychiatrist evaluate every Supermax inmate whom plaintiffs' expert psychiatrist has not already evaluated to determine whether he is suffering from a serious mental illness and, if so, to transfer him to an inpatient psychiatric facility. A preliminary injunction hearing is scheduled for September 20, 2001.

Presently before the court is defendants' "motion to be heard on the issue of exhaustion of administrative remedies prior to the hearing on the merits of the plaintiffs' preliminary injunction." I construe this motion as including a motion to dismiss plaintiffs' individual claims, including the claims of the six mentally ill inmates seeking a preliminary injunction, for failure to exhaust administrative remedies. Because the question of the applicability of the exhaustion requirement in 42 U.S.C.

§ 1997e to inmate class actions is one of first impression, the parties were asked to submit briefs addressing the subject.

■ As a preliminary issue, plaintiffs contend that defendants have waived their right to assert the affirmative defense of failure to exhaust administrative remedies, both generally against the class and particularly against the six inmates seeking preliminary injunctive relief. *Massey v. Helman*, 196 F.3d 727 (7th Cir.1999); *see also Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir.1999). Plaintiffs note that defendants did not raise administrative exhaustion as an affirmative defense in their answer to plaintiffs' original complaint, and that in answer to the amended complaint, defendants limited their affirmative defense to a contention that plaintiffs "failed to exhaust available administrative remedies *with regard to their individual claims.*"

In light of the fact that defendants did not choose to respond to plaintiffs' amended complaint with a motion to dismiss for failure to exhaust administrative remedies as they could have and the fact that defendants restricted their affirmative defense in their answer to plaintiffs' amended complaint to plaintiffs' "individual claims," I am persuaded that defendants have waived a defense that the case must be dismissed until every class member has exhausted his administrative remedies on the claims certified for class action.

■ Even if I were to allow such a defense to be raised, I would deny a motion to dismiss the case pending exhaustion of administrative remedies by each individual member of the class. In arguing that each member of a class action must exhaust his or her administrative remedies, defendants rely on cases involving Social Security claims in which the Court of Appeals for the Seventh Circuit has limited the class of plaintiffs to only those who have exhausted their administrative remedies or who were actively pursuing administrative appeals at the time the action was filed. *See Johnson v. Sullivan*, 922 F.2d 346 (7th Cir.1990) (Social Security class includes only whose claimants who exhausted administrative remedies and who had opportunity to do so at time action filed); *Marcus v. Sullivan*, 926 F.2d 604 (7th Cir.1991) (Social Security class includes claimants actively pursuing administrative appeals at time of filing). However, in these cases the court was interpreting the exhaustion requirement of class actions brought pursuant to the Social Security Act. I am not persuaded that these cases are applicable to class action lawsuits subject to the Prison Litigation Reform Act.

Generally, Social Security actions involve the challenge of a discrete act, the denial of benefits. In such a situation, the class of affected individuals is fixed. In this case, plaintiffs are challenging ongoing conditions at the Supermax prison. It is the ongoing nature of the conditions that led to certification of a class to include all "present and future inmates of Supermax." The class membership shifts each time an inmate is transferred in or out of the prison. Because exhaustion must be complete before a lawsuit is filed, *see Perez*, 182 F.3d at 537 (case filed before exhaustion has been accomplished must be dismissed), the transfer of just one additional inmate to the institution intermittently would prevent a class action suit from ever being filed, an outcome that the Prison Litigation Reform Act itself did not intend. *See* 18 U.S.C. § 3626 (recognizing possibility of prisoner class action suits by imposing restrictions on them, such as type of relief available).

Moreover, defendants' position that every class member must exhaust his administrative remedies could impose an intolerable burden upon the inmate complaint

review system. Even if inmate complaints can be filed "with a group of inmates collectively," Wis. Admin. Code § DOC 310.08(1), defendants would be faced with the logistical difficulties of allowing inmates to consult on such claims and to collect signatures from other inmates.

■■■ Finally, the exhaustion requirement in *Johnson* and *Marcus* is not applicable to this case because of other distinctions between the Social Security Act and the Prison Litigation Reform Act. A civil action under the Social Security Act is a deferential "judicial review" of a "final decision" of the Commissioner of Social Security. 42 U.S.C. § 405(g). The exhaustion requirement under the Social Security Act is jurisdictional. *Weinberger v. Salfi*, 422 U.S. 749, 764, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In a prison conditions lawsuit, the court considers the prisoner's allegations *de novo*. The exhaustion requirement under the Prison Litigation Reform Act is not jurisdictional; it is a waivable affirmative defense. *Perez*, 182 F.3d at 535–36.

■■■ I believe that the more analogous cases addressing exhaustion requirements for class members are employment discrimination cases brought pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e–5(e), (f). Like the requirement under § 1997e(a), the exhaustion requirement in Title VII cases is not jurisdictional. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The Equal Employment Opportunity Commission's findings in a Title VII case are not a "final decision"; the court is not limited to a deferential review of an administrative decision. Under Title VII, the law is well settled that if a single class member has exhausted his or her administrative remedies, the other class members are not required to exhaust in order to obtain relief. *See, e.g., Albemarle Paper Co. v. Moody*,

422 U.S. 405, 414 n. 8, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) ("The Courts of Appeals that have confronted the issue are unanimous in recognizing that backpay may be awarded on a class basis under Title VII without exhaustion of administrative procedures by the unnamed class members"); *Romasanta v. United Air Lines, Inc.*, 717 F.2d 1140, 1157 (7th Cir. 1983) ("It is well established that, in a Title VII class action, unnamed Plaintiffs are not precluded from class membership merely because they did not individually file timely EEOC charges").

Furthermore, courts that have addressed the exhaustion requirement for class actions challenging prison conditions have relied on Title VII cases rather than Social Security cases as persuasive authority. *See Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C.Cir.2001) (citing plaintiffs' argument that "each individual plaintiff in a class-action suit need not have pursued the available administrative remedies if at least one member of the plaintiff class has met the filing prerequisite" (internal citations omitted)); *Hattie v. Hallock*, 8 F.Supp.2d 685, 689, *opinion amended*, 16 F.Supp.2d 834 (N.D.Ohio 1998) ("vicarious" exhaustion "only available to plaintiffs in a class-action lawsuit, where a class is certified pursuant to Fed. R.Civ.P. 23(b)(2)"). The courts in *Jackson* and *Hattie* did not base their holdings on the proposition that only one plaintiff in a class action subject to the Prison Litigation Reform Act must exhaust his administrative remedies; the plaintiffs in *Jackson* had not exhausted their administrative remedies, *Jackson*, 254 F.3d at 270, and *Hattie* was not a class action, *Hattie*, 8 F.Supp.2d at 689. Their statements are dicta, but instructive dicta.

■■ Defendants contend that the purposes of the Prison Litigation Reform Act would be furthered by requiring all mem-

bers of the class to exhaust their administrative remedies before filing suit. They note correctly that the objectives of the exhaustion requirement under the Prison Litigation Reform Act are to enable prison officials to resolve disputes internally and to limit judicial intervention in the management of prisons. *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir.2001). Defendants argue that it would circumvent the Congressional goal of reducing frivolous litigation to relieve class members of the need to exhaust in class actions subject to § 1997e(a). Defendants overlook the fact that class action suits are closely controlled by the courts. Such suits undergo both preliminary screening under 28 U.S.C. § 1915A(a) and (b) and certification analysis under Fed.R.Civ.P. 23. Moreover, the goals of the Act's exhaustion requirement are not compromised by not requiring every class member to exhaust. As long as prison officials have received a single complaint addressing each claim in a class action, they have the opportunity to resolve disputes internally and to limit judicial intervention in the management of prisons. *See Smith*, 255 F.3d at 449. I conclude that even if defendants had not waived the affirmative defense of failure to exhaust administrative remedies as to every member of the class, the exhaustion requirement would be satisfied by a showing that one or more class members had exhausted his administrative remedies with respect to each claim raised by the class.

Nevertheless, it remains the case that defendants have not waived an affirmative defense of failure to exhaust as to plaintiffs' "individual claims." However, it is unclear precisely what defendants intended to cover by their restrictive language. Because defendants' answer raising the affirmative defense was filed after plaintiffs had moved for a preliminary injunction on behalf of only six members of the plaintiff class, it is possible to interpret defendants'

restriction as intending to distinguish the claims for declaratory and injunctive relief sought by the entire class from claims for injunctive and declaratory relief sought by some but not all class members. Alternatively, it is possible to interpret defendants' restrictive language as intending to distinguish between plaintiffs' claims for money damages (which remain in the amended complaint with respect to the original two plaintiffs) and any claim for declaratory and injunctive relief brought by the whole of the class or by any individual members of the class. Either way, defendants' affirmative defense does not present a bar to the proceedings in this case.

■■■ As the parties are aware, the class in this case was certified under Fed. R.Civ.P. 23(b)(2), meaning that class members may recover only declaratory and injunctive relief. The only individual claims at issue in this action are those of plaintiffs Jones 'El and Johnson. I have previously determined that plaintiff Johnson exhausted his administrative remedies as to the claims relating to alleged unconstitutional conditions of confinement, inadequate dental care and unreasonable cell and body searches, plaintiff Jones 'El exhausted his administrative remedies as to his Eighth Amendment claim that he is subjected to extreme temperatures and plaintiffs Johnson and Jones 'El both exhausted their administrative remedies as to their First Amendment claim that they are denied certain religious items. Opin. and Order, dkt. # 5, at 19, 23, 24, 25, 32 (entered Sept. 25, 2000). The other named class representatives do not have claims for money damages at issue in this suit. Indeed, any class member who wants money damages will have to file a separate lawsuit, which will be subject to the exhaustion requirement of § 1997e, should defendants wish to raise the defense in the context of those

lawsuits. Thus, to the extent that defendants may be contending that plaintiffs have failed to exhaust their administrative remedies with regard to individual claims for money damages, their motion to dismiss will be denied.

Alternatively, defendants may be suggesting that by seeking preliminary injunctive relief for some but not all class members, plaintiffs have converted the claims of the few class members seeking preliminary injunctive relief into "individual claims," which must be exhausted by these members before they may seek relief. I am not persuaded that this is so.

Section 1997e(a) provides that "no action shall be brought with respect to prison conditions" until administrative remedies are exhausted. 42 U.S.C. § 1997e(a). An action is "brought" when the complaint is filed. Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court."); *see also Howard v. Lockheed–Georgia Co.*, 742 F.2d 612, 613 (11th Cir.1984). Once administrative remedies have been exhausted and the action has been "brought," the exhaustion requirement of the Prison Litigation Reform Act is satisfied. Any claim for relief that is within the scope of the pleadings may be litigated without further exhaustion. In any event, plaintiffs have submitted documentation demonstrating that plaintiff Scarver has exhausted his administrative remedies as to the claim for inadequate mental health care, the claim at issue at the preliminary injunction hearing. I find that plaintiffs' showing that one class member has exhausted his administrative remedies with respect to the claim at issue on the motion for preliminary injunction is sufficient to defeat defendants' motion to dismiss.

## ORDER

IT IS ORDERED that defendants' "motion to be heard on the issue of exhaustion of administrative remedies prior to the hearing on the merits of the plaintiffs' preliminary injunction" is GRANTED. Further, IT IS ORDERED that defendants' motion to dismiss plaintiffs' individual claims for failure to exhaust administrative remedies is DENIED.