**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BRIAN MCGOLDRICK; TOD
PABST; MARCUS WASHINGTON;
JEFFREY J. SPERRY,

        Plaintiffs-Appellants,

v.

ROGER WERHOLTZ, Secretary,
Kansas Department of Corrections,
in his individual and official capacity,

        Defendant-Appellee.

No. 05-3438
(D.C. No. 04-CV-3125-CM)
(D. Kan.)

_____

**ORDER AND JUDGMENT***

_____

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

_____

Plaintiffs Brian McGoldrick, Tod Pabst, Marcus Washington, and Jeffrey

Sperry are state prisoners at the Lansing Correctional Facility in Lansing, Kansas.

_____

*     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Defendant Roger Werholtz is the Secretary of Corrections for the Kansas Department of Corrections. Appearing pro se, plaintiffs appeal from the order and the related judgment entered by the district court dismissing without prejudice all of the claims asserted in their complaint under 42 U.S.C. § 1983. Plaintiffs also appeal from the district court's order denying their motion to alter or amend judgment under Fed. R. Civ. P. 59(e). We reverse in part and affirm in part.

In their § 1983 complaint, plaintiffs asserted two claims against defendant. First, plaintiffs alleged that defendant has violated their rights under the First and Fourteenth Amendments by enacting a regulation that prohibits them from possessing sexually explicit materials. Second, plaintiffs alleged that defendant has violated their Fourth and Fourteenth Amendment rights, and committed certain state-law torts, by requiring that ten percent of all monies they receive be placed in mandatory prison savings accounts. Plaintiffs requested a declaratory judgment, injunctive relief, and compensatory and punitive damages. Plaintiffs also requested that the district court certify their case as a class action under Fed. R. Civ. P. 23. Although plaintiffs did not define the class in their complaint, they assert in their appellate brief that they sought to certify a class consisting of "all Kansas inmates." Aplts. Br. at 3.

In this appeal, we are presented with issues concerning the requirement under 42 U.S.C. § 1997e(a) that a prisoner must exhaust his prison administrative

-2-

remedies before seeking relief under § 1983. As set forth in plaintiffs' brief, it is undisputed that plaintiff Sperry has exhausted his prison administrative remedies with regard to all of the claims asserted in plaintiffs' complaint. Aplts. Br. at 2-3. It is also undisputed, however, that plaintiffs McGoldrick, Pabst, and Washington have exhausted their prison administrative remedies only with regard to the claim challenging the ban on sexually explicit materials. *Id.*

Applying 42 U.S.C. § 1997e(a) and this court's "total exhaustion rule," the district court granted defendant's motion for summary judgment and dismissed all of the claims asserted in plaintiffs' complaint without prejudice. The court's dismissal was based on the fact that plaintiffs' complaint contained both exhausted and unexhausted claims, R., Doc. 37 at 5 (stating that "plaintiffs have failed to exhaust all available administrative remedies with respect to some of the claims in their complaint"), and the court's reasoning was based on this court's decision in *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004) (holding that § 1997e(a) "requires inmates to exhaust fully all of their claims before filing in federal court. If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice."). The court also relied on this same reasoning to deny plaintiffs' Rule 59(e) motion. R., Doc. 43 at 3-4.

We are governed by a mixed standard of review in this appeal. On the one hand, "[o]ur review of a dismissal under [§ 1997e(a)] for failure to exhaust

administrative remedies is de novo." *Ross*, 365 F.3d at 1185. By contrast, "[t]his court reviews the district court's ruling on [plaintiffs'] Rule 59(e) motion for abuse of discretion." *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005).

The district court's summary judgment order raises two issues. To begin with, the court did not address plaintiffs' request that a class of prisoners be certified under Fed. R. Civ. P. 23, and the court thus did not consider whether the request for certification of a class action had any effect on the exhaustion issues. In addition, the court did not acknowledge or address the fact that *Ross* involved a single prisoner-plaintiff who had pled both exhausted and unexhausted claims, as opposed to the situation here where there are multiple plaintiffs. *Ross*, 365 F.3d at 1182.

In their brief, plaintiffs cite cases standing for the proposition that the prisoner exhaustion requirement is satisfied in a class action where a single member of the class has exhausted his or her administrative remedies with respect to each claim raised by the class, and this is known as "vicarious exhaustion." Aplts. Br. at 3 (citing *Chandler v. Crosby*, 379 F.3d 1278 (11th Cir. 2004); *Lewis v. Washington*, 265 F. Supp. 2d 939 (N.D. Ill. 2003); *Jones v. Berge*, 172 F. Supp. 2d 1128 (W.D. Wis. 2001)). Although we agree with plaintiffs that the vicarious exhaustion rule might save their claims if the district court had certified a class of prisoners (assuming, without deciding, that this circuit would

follow the vicarious exhaustion rule), the district court did not certify a class here. Moreover, because plaintiffs are pro se, the district court would have abused its discretion if it had certified a class action. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that this court reviews the issue of whether representative parties are adequate class representatives under Fed. R. Civ. P. 23(a)(4) for abuse of discretion, and that class representatives cannot appear pro se); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that pro se prisoners are not adequate representatives for a class); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1769.1 at 450 & n.13 (3d ed. 2005) (stating rule that "class representatives cannot appear pro se," and citing supporting case law).

That said, we nonetheless conclude that the district court erred in dismissing plaintiff Sperry's claims. As noted above, it is undisputed that plaintiff Sperry exhausted all of the claims asserted in plaintiffs' complaint, and we see no reason to penalize him for the failure of his co-plaintiffs to exhaust all of their claims. As a result, we hold that the district court should have applied the total exhaustion rule to each plaintiff separately, and that the rule therefore does not bar plaintiff Sperry's claims.

Accordingly, we AFFIRM the order and the related judgment entered by the district court dismissing all of the claims of plaintiffs McGoldrick, Pabst, and

-5-

Washington without prejudice.  Because the district court did not abuse its discretion, we also AFFIRM the denial of relief under Fed. R. Civ. P. 59(e) with regard to plaintiffs McGoldrick, Pabst, and Washington.  We REVERSE and VACATE the portions of the order and the related judgment entered by the district court dismissing the claims of plaintiff Sperry, and the latter claims are REMANDED to the district court for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge