**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2009**

UNITED STATES COURT OF APPEALS

**Elisabeth A. Shumaker**
**Clerk of Court**

**TENTH CIRCUIT**

JEFFREY J. SPERRY,

Plaintiff - Appellant,

v.

ROGER WERHOLTZ, Secretary,
Kansas Department of Corrections, in
his individual and official capacity,

Defendant - Appellee.

No. 08-3274

(D. Kansas)

(D.C. No. 5:04-CV-03125-CM)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Jeffrey Sperry, an inmate in the custody of the Kansas Department of

Corrections (KDOC), brought this pro se action under 42 U.S.C. § 1983 in the

United States District Court for the District of Kansas against Roger Werholtz,

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Secretary of KDOC (the Secretary).[1]  Mr. Sperry challenged two Kansas prison

rules.  One is a regulation that bans the possession of sexually explicit materials

by inmates in state correctional facilities.  He contended that this regulation

violates his First Amendment right to freedom of expression, his Fourth

Amendment right to freedom from illegal seizures, and his Fourteenth

Amendment right to due process of law.  The second is a prison policy requiring

each Kansas inmate to place 10% of funds received from sources outside of

KDOC into a "mandatory savings account" for the prisoner's use when he is

released from prison.  R. Vol. 2 at 71.  He contended that this policy violates his

Fourth Amendment right to freedom from illegal seizures and his Fourteenth

Amendment right to due process of law.  He also contended that this policy

constitutes criminal deprivation of property, conversion, and illegal taxation

under Kansas law.

On July 6, 2007, the district court granted summary judgment to the

Secretary on all claims relating to the ban on sexually explicit materials,

concluding that Mr. Sperry lacked standing to challenge the regulation.  On

September 12, 2008, the court granted summary judgment to the Secretary on

---

[1] Mr. Sperry was originally joined in this action by three fellow inmates in the custody of KDOC.  The district court dismissed the entire action for failure to exhaust administrative remedies.  We affirmed the dismissal as to the three other inmates.  But because Mr. Sperry had exhausted administrative remedies, we reversed and remanded his claims to the district court.  *See McGoldrick v. Werholtz*, 185 F. App'x 741 (10th Cir. 2006).

Mr. Sperry's Fourteenth Amendment challenge to the mandatory-savings policy, concluding that it did not violate his substantive or procedural due-process rights. That same day, the court also entered an order concluding that Mr. Sperry's remaining challenges to the mandatory-savings policy were waived because they were omitted from the pretrial order.

Mr. Sperry appeals the district court's summary-judgment orders and its conclusion that his Fourth Amendment and state-law challenges to the mandatory-savings policy were waived. He contends (1) that he suffered an injury-in-fact sufficient to establish standing to challenge the ban on sexually explicit materials; (2) that he has been permanently deprived of the funds in his mandatory savings account in violation of his rights to substantive and procedural due process because he is serving a life sentence and will therefore never get the money; and (3) that dismissal of his other claims on the ground that they were waived was improper because he was assured at the final pretrial conference that the pretrial order encompassed all the claims raised in his complaint. We have jurisdiction under 28 U.S.C. § 1291. We hold that Mr. Sperry established his standing to challenge the regulation regarding sexually explicit material, so we must reverse and remand for further proceedings on that claim. In all other respects, we affirm the judgment below.

## I. BAN ON SEXUALLY EXPLICIT MATERIALS

Mr. Sperry challenges Kansas Administrative Regulation (KAR) 44-12-313, which was amended, effective April 1, 2004, to prohibit the possession of sexually explicit materials by inmates in state correctional facilities. He contends that the amended regulation violates his First, Fourth, and Fourteenth Amendment rights. The district court ruled that Mr. Sperry lacked standing because he had failed to allege that KDOC had seized or threatened to seize his materials, or that there was an immediate danger that KDOC would seize his materials.

We disagree. On April 1, 2004, KDOC officials set a May 1 deadline for inmates to destroy or dispose of sexually explicit materials in their possession. Mr. Sperry possessed sexually explicit materials, which he mailed to the district court on April 29, 2004—just before the regulation became effective—to comply with the regulation and to serve as evidence in this case. The natural inference from these events is that KDOC would discipline inmates who possessed sexually explicit material after May 1, 2004, and that Mr. Sperry would have had such material on that date if he had not exercised self-censorship. These circumstances suffice to establish Mr. Sperry's standing to challenge the regulation. *See Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 393 (1988) (book seller had standing to challenge statute even before effective date, when state did not suggest that statute would not be enforced and danger of self-censorship can be realized even without prosecution); *Ward v. Utah*, 321 F.3d 1263, 1264 (10th Cir.

-4-

2003); *Am. Civil Liberties Union v. Johnson*, 194 F.3d 1149, 1154–55 (10th Cir. 1999); *Meisberger v. Donahue*, 245 F.R.D. 627, 629 (S.D. Ind. 2007).

We therefore reverse the district court's grant of summary judgment on this issue and remand for further proceedings.

## II.    MANDATORY-SAVINGS POLICY

Mr. Sperry also challenges KDOC Internal Management Policy and Procedure (IMPP) 04-103, which requires Kansas inmates to place 10% of all funds received from sources outside of KDOC into a "mandatory savings account." R. Vol. 2 at 71. While incarcerated, an inmate has very limited access to funds in this account. The funds and any accrued interest are provided to the inmate upon his release or, if the inmate dies while in custody, to his estate. Mr. Sperry claims that this mandatory-savings policy deprives him of both substantive and procedural due process.

We first address the substantive-due-process claim. A prison regulation does not violate a prisoner's substantive-due-process rights unless the prisoner proves that the regulation lacks "a rational relation to legitimate penological interests." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (upholding restrictions on visitation). In *Steffey v. Orman*, 461 F.3d 1218 (10th Cir. 2006) we upheld a prison regulation that prohibited inmates from receiving money from family members of other inmates because the regulation served a "legitimate penological interest in preventing inmates from using their family members to pay off their

drug, gambling or other debts to fellow inmates, or from extorting money from an inmate's family with threats of harm." *Id.* at 1222.

KDOC has asserted that its mandatory-savings policy is intended to "enhance success" of inmates upon their release from custody. R. Vol. 1 at 62. Mr. Sperry does not contend that this is not a legitimate penological interest. Rather, he contends that this interest does not apply to him because he is serving a life sentence. But Mr. Sperry is not serving a life sentence without parole; there is a possibility that he will be released. He admits that he will "see the parole board [in] 18 years." *Id.* at 60. Even if his release is "a great many years into the future," Aplt. Br. at 22, KDOC retains a legitimate interest in providing Mr. Sperry with a source of funds upon his release to ease his transition into society. Accordingly, we reject Mr. Sperry's substantive-due-process claim.

Mr. Sperry's procedural-due-process claim is that he was entitled to a hearing before the money he received was moved to a mandatory savings account. When evaluating whether an individual's procedural-due-process rights were violated, we consider (1) whether the individual possessed a protected property interest and (2) whether the individual was afforded an appropriate level of process. *See Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006). We assume, without deciding, that Mr. Sperry had a protected property interest in the money he received from outside of KDOC. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989) (inmate had property interest in

"monies received from friends and family outside the prison"). Even so, he received all the process he was due. No hearing was necessary to determine whether 10% of the money received belongs in the savings account. IMPP 04-103 is a general prison policy applicable to all KDOC inmates. There would be no factual issue to resolve if Mr. Sperry were provided a hearing. He does not dispute that he is a KDOC inmate and that the money came from outside the prison. Thus, the matter was effectively decided when the policy itself was enacted. And Mr. Sperry had no right to participate in the enactment process. *See Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915) ("Where a rule of conduct applies to more than a few people, it is impracticable that everyone should have a direct voice in its adoption."); *Okla. Educ. Ass'n v. Alcoholic Beverage Laws Enforcement Comm'n*, 889 F.2d 929 (10th Cir. 1989) (individual state employees had no procedural-due-process right to a hearing to challenge state law prohibiting all state employees from working in liquor industry).

We therefore affirm the district court's order granting summary judgment to the Secretary on Mr. Sperry's due-process challenges to the mandatory-savings policy.[2]

---

[2]Mr. Sperry's brief on appeal also complains that the funds of all prisoners in mandatory savings accounts are pooled. But we can discern no constitutional claim based on this factual allegation. Mr. Sperry does not suggest that his personal funds are not accounted for separately.

## III.    OTHER CLAIMS

Finally, Mr. Sperry appeals the district court's ruling that his Fourth Amendment and state-law challenges to the mandatory-savings policy were not included in the pretrial order and were therefore waived. Federal Rule of Civil Procedure 16(d) dictates that the pretrial order "controls the course" of the litigation, unless modified by the court. "[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint." *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002).

Mr. Sperry contends that he did not waive any claims because he approved the pretrial order only "with the court's understanding that it encompasse[d] all of the claims [he] ha[d] raised in his complaint." Aplt. Br. at 12. Yet he provides no evidentiary support for this assertion. One cannot reasonably read the pretrial order as setting forth any state-law claims or claims based on the Fourth Amendment. With respect to the governing law, the pretrial order states that "the parties believe and agree the substantive issues in this case are governed by the Fourteenth Amendment to the United States Constitution." R. Vol. 3 at 244. This statement clearly forecloses any state-law claims. True, the Fourteenth Amendment incorporates the Fourth Amendment as applied to the States; but the pretrial order's section that summarizes Mr. Sperry's theories of recovery mentions nothing that could be construed as relating to the law governing search

and seizure. Hence, we agree with the district court that Mr. Sperry waived his Fourth Amendment and state-law challenges to the mandatory-savings policy.

**IV.    CONCLUSION**

We REVERSE the summary judgment on Mr. Sperry's challenges to the sexually-explicit-material regulation and REMAND for further proceedings on that claim; but we AFFIRM the remainder of the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge