NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

EMMANUEL L. CASTILLO,

           Plaintiff-Appellant,

  v.

GERALD THOMPSON, formerly named as: John (or Jane) Doe Warden - Morey Unit; TRAVIS SCOTT, formerly named as: John (or Jane) Doe Deputy Warden - Morey Unit; RANDY KAUFMAN, formerly named as: John (or Jane) Doe Associate Deputy Warden - Morey Unit; DANIEL WALKER, formerly named as: John (or Jane) Doe Major - Morey Unit; LUIS MATOS, formerly named as: John (or Jane) Doe Chief of Security - Morey Unit; UNKNOWN PARTY, named as: John (or Jane) Doe Correctional Officer IV - Morey Unit; UNKNOWN PARTY, named as: John (or Jane) Doe - Complex Deputy Warden at Arizona State Prison Complex Lewis; UNKNOWN PARTY, named as: John (or Jane) Doe Complex Warden at Arizona State Prison Complex - Lewis; UNKNOWN PARTY, named as: John (or Jane) Doe Regional Director at the Arizona Department of Correction,

           Defendants-Appellees.

No.   22-16255

D.C. No. 2:21-cv-00527-JAT

MEMORANDUM*

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 27, 2024[**]
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Plaintiff-Appellant Emmanuel Castillo appeals from the district court's grant of summary judgment for failure to exhaust in his pro se § 1983 suit. Reviewing the grant of summary judgment de novo, *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019), we affirm.[1]

A claim is exhausted under the Prison Litigation Reform Act only when an inmate completes the prison's grievance process in accordance with the procedures laid out by the prison. *Woodford v. Ngo*, 548 U.S. 81, 83-84, 93 (2006). Castillo failed to exhaust his administrative remedies when he filed his inmate grievance

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Castillo has also filed two motions. We deny Castillo's motion for an injunction, Dkt. No. 24, as moot because prison staff filed his Opening Brief and supporting evidence. To the extent that Castillo's motion regarding case records, Dkt. No. 20, seeks permission to file video evidence with the court, we deny the motion because that video was not part of the summary judgment record, and Castillo has not presented any exceptional circumstances justifying expanding the record on appeal. *See United States v. Boulware*, 558 F.3d 971, 976 (9th Cir. 2009).

appeal before receiving a response to his inmate grievance. The appeal form was returned to Castillo with a response stating that the appeal was "out of time frame," but Castillo never filed a new, timely appeal.[2] Castillo therefore never filed a procedurally proper inmate grievance appeal, nor did he receive a final decision on that appeal, despite the fact that he was on notice that his appeal was procedurally deficient. To the extent that Castillo argues for the first time in his Reply on appeal that the inmate grievance appeal was never returned to him, that argument is forfeited because the corresponding portion of Defendants' statement of facts was unchallenged before the district court and in Castillo's Opening Brief. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

Even though Defendants have established that there was a grievance procedure in place and that Castillo failed to properly exhaust it, we may still excuse this failure to exhaust if Castillo can provide evidence that in his case specifically those remedies were "effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). Remedies may be effectively unavailable because the plaintiff received threats of retaliation if:

(1) the threat [of retaliation] actually did deter the plaintiff inmate

---

[2] On the same day as the appeal was returned, the inmate grievance was returned with a note saying that it was unprocessed because Castillo had not attached his informal grievance (the prior step in the process) to the formal grievance form. Castillo therefore would have needed to file a new informal grievance with the documents attached, then waited for a response before filing an inmate grievance appeal.

from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

*McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015) (alteration in original) (quoting *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008)); *see also id.* at 988 (adopting test).

Castillo has failed to provide sufficient information about alleged threats of retaliation to carry his burden of providing a basis in this record suggesting that this standard is met. Castillo alleged in an application for a temporary restraining order that he was "harassed verbally and sexually" and "assaulted and threatened" after he started filing grievances. He said that he was "taken to a back room and repeatedly punched and kneed" and his "life was threatened several times." He later stated that he was "threatened and abused by Corrections Officers shortly after he came back from the hospital." But Castillo has not provided details about what exactly was said to him, when exactly these acts or threats occurred, or who committed these acts or made these threats against him. Although he stated in his application for a temporary restraining order that he had more details that he could provide, he has not provided them, other than reiterating in his Opening Brief that "not long after" he filed his informal grievance, "officers beat, threatened and informed me not to file a Grievance." *See id.* at 987 ("[T]here must be some basis

4

in the record for the district court to conclude that a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance.").

Even if Castillo's allegations alone could be sufficient to provide a basis to find that a reasonable person would have been deterred from filing grievances because of these attacks, the information he has provided is not sufficient to show that he was in fact subjectively deterred. Castillo did file an informal grievance, formal grievance, and formal grievance appeal, suggesting that he was not deterred by the threats of retaliation, which he states began ever since he started to file grievances. Absent more information about the timing of these attacks and threats, such as an allegation that they escalated after he filed his inmate grievance appeal, there is no information in the record suggesting that Castillo was subjectively deterred.

Castillo also argues that the district court impermissibly placed the burden on him to establish exhaustion, in violation of the rule in *Jones v. Bock*, 549 U.S. 199 (2007), that non-exhaustion is an affirmative defense for which the defendant has the burden of proof. *Id.* at 211-12. But the district court correctly followed our holding in *Albino*, which keeps the burden of proof on the defendant, but which shifts the burden of production to the plaintiff once the defense establishes that

5

grievance procedures are generally available and the plaintiff failed to exhaust. 747 F.3d at 1172.  It is then the plaintiff's burden of production to provide evidence showing that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Id.*

Castillo also cannot benefit from the doctrine of vicarious exhaustion. Although some circuits have recognized a doctrine of vicarious exhaustion, this doctrine applies only to plaintiffs in a class action, allowing a class action to proceed for exhaustion purposes as long as "one or more class members ha[s] exhausted his administrative remedies with respect to each claim raised by the class."  *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004) (alteration in original) (quoting *Jones 'El v. Berge*, 172 F. Supp. 2d 1128, 1133 (W.D. Wis. 2001)).  Because this case is not a class action, Castillo cannot benefit from vicarious exhaustion.

For the foregoing reasons, we **AFFIRM**.