**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AUSTIN FLAKE; LOGAN FLAKE, | No. 18-16652 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-01132-NVW |
| v. | |
| COUNTY OF MARICOPA, a political subdivision of the State of Arizona; MARIE TROMBI, in her personal capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| AUSTIN FLAKE; LOGAN FLAKE, | No. 18-16827 |
| Plaintiffs-Appellees, | D.C. No. 2:15-cv-01132-NVW |
| v. | |
| MARIE TROMBI, in her personal capacity, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted February 4, 2020
Phoenix, Arizona

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN, GRABER, and MILLER, Circuit Judges.

Austin and Logan Flake appeal from the district court's grant of summary judgment in favor of Maricopa County and Deputy Sheriff Marie Trombi on the Flakes' malicious prosecution claim under 42 U.S.C. § 1983. They also appeal from the district court's denial of leave to amend their complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Reviewing de novo, and considering the evidence in the light most favorable to the Flakes, *see Yousefian v. City of Glendale*, 779 F.3d 1010, 1011 n.1 (9th Cir. 2015), we conclude that the district court correctly entered summary judgment against the Flakes on their malicious prosecution claim. Assuming, without deciding, that the Flakes created triable issues of fact on the other elements of the claim, there is no genuine dispute of fact material to whether Trombi, the investigating officer, caused the Flakes' injuries. *See id.* ("[W]e may affirm on any ground supported by the record.").

"It is a well-settled principle that the '[f]iling of a criminal complaint immunizes investigating officers . . . from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time.'" *Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (9th Cir. 2008) (alteration in original) (quoting *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled*

*on other grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008)).

Even assuming that Trombi made misrepresentations about the evidence in

pursuing charges against the Flakes, the record shows that the prosecutor's

decision to present the case to the grand jury was "the result of [her] independent

professional judgment based upon a thorough review of the evidence." *McSherry v.*

*City of Long Beach*, 584 F.3d 1129, 1137 (9th Cir. 2009). The prosecutor received

the entire case file from Trombi, including the evidence that Trombi had allegedly

misrepresented. The prosecutor testified that she thoroughly reviewed the

evidence, requested additional information from law enforcement, personally

interviewed the expert witnesses, consulted with the County Attorney and her other

supervisors, and independently determined that there was probable cause to

prosecute. *See id.* at 1137–38. The "prosecutor's independent judgment" thereby

severed "the chain of causation between the unconstitutional actions" allegedly

committed by Trombi and the injuries suffered by the Flakes. *Beck*, 527 F.3d at

862.

     In an effort to establish causation, the Flakes contend that Trombi's

misrepresentations and omissions influenced the prosecutor's decision. *See Beck*,

527 F.3d at 862–63. The Flakes suppose that the prosecutor's contrary testimony

was motivated by a desire to "protect her professional reputation." But such

"speculation is insufficient to create a genuine issue of material fact." *Stephens v.*

*Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019). The Flakes have not identified evidence that undermines the prosecutor's testimony that she would have prosecuted the Flakes regardless of Trombi's representations. Because there is no genuine issue of fact material to whether Trombi caused the Flakes to suffer harm, summary judgment in favor of Trombi was appropriate.

2.      Even if the Flakes had established a triable claim against Trombi, the County could not be held liable under section 1983 because the complaint does not allege facts supporting the Flakes' theory that an "official with final policy-making authority ratified [Trombi's] unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (per curiam).

3.      Reviewing for abuse of discretion, *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991), we conclude that the district court did not err in denying the Flakes' motion for leave to file a fourth amended complaint. As the court explained, the Flakes had already been "allowed three prior amendments and multiple opportunities to articulate" their theory of the case. The court also noted that both the Flakes' delay and the resulting prejudice to the defendants were "extreme." There was no abuse of discretion. *See id.* at 798–99.

**AFFIRMED**.