NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIE HAMILTON; LYLE MCLEAN; NESTOR DIAZ; SAM FLOWERS, individually and as a representative of the class<br><br>　　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>TBC CORPORATION; DYNAMIC TIRE CORPORATION,<br><br>　　　　　Defendants-Appellees. | No.　19-55223<br><br>D.C. No.<br>2:17-cv-01060-DMG-JEM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted July 10, 2020[**]
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and GORDON,[***] District Judge.

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　　[***]　　The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

Defendants-Appellees TBC Corporation and Dynamic Tire Corporation import and sell the Power King Towmax STR tire—a specialty tire marketed for use on medium to heavy duty trailers. In 2017, Plaintiffs-Appellants Julie Hamilton, Lyle McLean, Nestor Diaz, and Sam Flowers sued Defendants after each Plaintiff had a STR tire fail during use because of a "tread separation." The First Amended Complaint's (FAC) twenty-three claims, which we do not recount at length here, sound principally in fraud, breach of express and implied warranties, and violation of the consumer protection laws of California, Arizona, Colorado, and Florida. Plaintiffs also allege that Defendants violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312.

Plaintiffs subsequently sought to certify a nationwide class action, but the district court denied their request and instead certified a Florida-only class for a single claim brought under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201. Soon after, the district court granted summary judgment on the entirety of the FAC after concluding Plaintiffs failed to introduce evidence that the STR tires were defective. Plaintiffs now appeal both decisions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's grant of summary judgment.

1. At summary judgment, Plaintiffs presented a declaration from their tire expert, Kenneth Pearl. Pearl opined that the STR tires must have been defective

2

because of their high warranty return rate, which he noted exceeded that of a Firestone passenger vehicle tire recalled in the early 2000s. The district court rejected this opinion as unreliable because Pearl failed to explain sufficiently why a comparison between the two return rates supported his conclusion that the STR tires were defective. We agree that Pearl's declaration and expert report were deficient. *See Kumho Tire Co. v Carmichael*, 526 U.S. 137, 148 (1999) (noting that an expert's opinion must "have a reliable basis in the knowledge and experience of his discipline" (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993))).

Pearl's failure to articulate the basis for his opinion is particularly significant because uncontroverted evidence in the record established that (1) a defect is not the sole potential cause of a tread separation, and (2) performance trends for one type of tire may not apply to another tire that differs in design or application.[1] Plaintiffs contend that Pearl concluded that the characteristics of STR and Firestone tires were sufficiently analogous to render the comparison apt, but they do not point to any portion of the record containing that conclusion. And although Plaintiffs argue that Pearl opined that the STR tires contained a defective tread

---

[1] The district court deemed much of Defendants' statement of uncontroverted facts admitted because Plaintiffs failed to properly dispute those facts. *See* Fed. R. Civ. P. 56(e)(2). Plaintiffs offer no argument on appeal suggesting this was erroneous.

compound, the record does not support the factual basis for Pearl's opinion. *See Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019) ("Expert testimony cannot create a genuine issue of material fact if it rests on assumptions that are not supported by evidence."). Accordingly, the district court did not abuse its discretion by excluding Pearl's opinion that the STR tires were defective. *See Kumho Tire Co.*, 526 U.S. at 142 ("[T]he law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination.").

Plaintiffs' remaining argument also fails. Plaintiffs contend that, pursuant to *United States v. General Motors Corp.*, 518 F.2d 420 (D.C. Cir. 1975), the high return rate for STR tires creates the presumption of a defect. But the D.C. Circuit's opinion in *General Motors* does not apply to this case. In *General Motors*, the court addressed the government's burden to establish a violation of the recall provisions of the National Traffic and Motor Vehicle Safety Act of 1966 (NTMVSA). 518 F.2d at 425. The court's reasoning turned on the text and legislative history of that particular statute. *Id.* at 432–37. Thus, because the NTMVSA "was designed as a preventative measure 'supplementary of and in addition to the common law of negligence and product liability,'" *id.* at 434 (quoting *Larsen v. Gen. Motors Corp.*, 391 F.2d 495, 506 (8th Cir. 1968)), we decline to extend *General Motor*'s rationale to Plaintiffs' claims.

4

2. Without evidence of a defect in the STR tires, the district court concluded that each of Plaintiffs' claims failed. On appeal, Plaintiffs do not assert that their state law claims do not require proof of a defect.[2] Thus, they waive any challenge to the district court's grant of summary judgment on these claims. *See* Fed. R. App. P. 28(a)(8); *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir. 2001). However, Plaintiffs do maintain that their Magnuson-Moss breach-of-express-warranty claims survive without evidence of a defect in the STR tires. This argument fails. Although the Magnuson-Moss Warranty Act creates a federal "*cause of action* for a warrantor's failure to comply with the terms of a written warranty," *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 918 (9th Cir. 2005) (emphasis added), it incorporates state substantive law except where the statute provides otherwise, *Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 817 n.3 (9th Cir. 2019); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir.

---

[2] At best, Plaintiffs argue that Defendants failed to satisfy their burden at summary judgment. Again, we disagree. A moving party may satisfy its burden by demonstrating "that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Defendants did that here, arguing that Plaintiffs lacked any evidence of a defect in the absence of Pearl's opinion. This was sufficient to meet their summary judgment burden. *See Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1106.

2008); *see also Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1985) ("[E]xcept in the specific instances in which Magnuson-Moss expressly prescribes a regulating rule, the Act calls for the application of state written and implied warranty law, not the creation of additional federal law."). Plaintiffs fail to point to any provision of the statute absolving them of the need to prove that the STR tires were defective when, as here, evidence in the record establishes that Defendants offered only a limited written warranty for defects in workmanship and materials. Accordingly, the district court did not err by granting summary judgment.

3. Because summary judgment was appropriate on the entirety of the First Amended Complaint, we do not reach Plaintiffs' argument regarding the class certification order. *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1039 (9th Cir. 1999) (en banc).

4. We deny as moot Defendants' pending motion for reconsideration. Dkt. 55.

**AFFIRMED.**