NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHIRLEY HOLCROFT; SAM V. CABRERA, <br><br>         Plaintiffs-Appellants, <br><br> v. <br><br> PACIFIC GAS & ELECTRIC COMPANY, a California corporation; DOES, 1 through 10, inclusive, <br><br>         Defendants-Appellees. | No. 18-56503 <br><br> D.C. No. 5:16-cv-01622-DMG-KK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Shirley Holcroft and Sam V. Cabrera appeal pro se from the district court's

summary judgment in their 42 U.S.C. § 1983 action alleging Fourteenth

Amendment claims stemming from alleged exposure to elevated levels of arsenic

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and uranium.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019).  We affirm.

The district court properly granted summary judgment because plaintiffs failed to raise a genuine dispute of material fact as to whether elevated levels of arsenic or uranium had the capacity to cause their alleged injuries, and whether plaintiffs' alleged injuries resulted from their exposure to elevated levels of arsenic or uranium.  *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must [] demonstrate that the defendant's conduct was the actionable cause of the claimed injury."); *In re Hanford Nuclear Rsrv. Litig.*, 292 F.3d 1124, 1133-34 (9th Cir. 2002) (in a toxic tort case, plaintiff must demonstrate general causation, "whether the substance at issue had the capacity to cause the harm alleged," and specific causation, "whether a particular individual suffers from a particular ailment as a result of exposure to a substance").

The district court did not abuse its discretion by sustaining defendant's objections to certain evidence submitted by plaintiffs in opposition to summary judgment because such evidence constituted inadmissible lay opinion on matters requiring scientific, technical, and specialized knowledge and neither plaintiffs nor the other declarants were qualified as experts on such matters under Federal Rule of Evidence 702.  *See* Fed. R. Evid. 701, 702; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (trial court's gatekeeping obligation applies to all types

of expert testimony); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (district court's decision on admissibility of lay opinion testimony "will be overturned only if it constitutes a clear abuse of discretion" (citation and quotation marks omitted)).

The district court did not abuse its discretion by ruling that plaintiffs failed to submit expert testimony on causation because they failed to disclose any expert witnesses in their Federal Rule of Civil Procedure 26(a)(2) expert disclosures. *See* Fed. R. Civ. P. 26(a)(2); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc) (pro se litigants are held to same procedural rules as other litigants). Contrary to plaintiffs' contentions, plaintiffs did not request an extension of time for expert discovery and the district court did not exclude any of their proffered expert testimony on the basis of Federal Rule of Civil Procedure 37(c).

We reject as meritless and unsupported by the record plaintiffs' contentions that the district court violated their due process rights, was biased, or failed to conduct a de novo review of the magistrate judge's Report & Recommendation.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

18-56503

All pending motions and requests are denied.

**AFFIRMED.**