NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMAN HALSTEAD; et al., | No. 18-56497 |
| Plaintiffs-Appellants, | D.C. No. 5:16-cv-00696-DMG-KK |
| v. | |
| PACIFIC GAS & ELECTRIC COMPANY, a California corporation; DOES, 1 through 10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted September 8, 2020**

Before: TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Norman Halstead and Aquilla Frederick appeal pro se from the district

court's summary judgment in their 42 U.S.C. § 1983 action alleging Fourteenth

Amendment claims stemming from alleged exposure to elevated levels of arsenic

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and uranium.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019).  We affirm.

The district court properly granted summary judgment because Norman Halstead and Aquilla Frederick failed to raise a genuine dispute of material fact as to whether elevated levels of arsenic or uranium had the capacity to cause their alleged injuries, and whether their alleged injuries resulted from their exposure to elevated levels of arsenic or uranium.  *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must [] demonstrate that the defendant's conduct was the actionable cause of the claimed injury."); *In re Hanford Nuclear Rsrv. Litig.*, 292 F.3d 1124, 1133-34 (9th Cir. 2002) (in a toxic tort case, plaintiff must demonstrate general causation, "whether the substance at issue had the capacity to cause the harm alleged," and specific causation, "whether a particular individual suffers from a particular ailment as a result of exposure to a substance").

The district court did not abuse its discretion by sustaining defendant's objections to certain evidence submitted by Norman Halstead and Aquilla Frederick in opposition to summary judgment because such evidence constituted inadmissible lay opinion on matters requiring scientific, technical, and specialized knowledge, and Norman Halstead, Aquilla Frederick, and the other declarants were not qualified as experts on such matters under Federal Rule of Evidence 702.  *See*

18-56497

Fed. R. Evid. 701, 702; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (trial court's gatekeeping obligation applies to all types of expert testimony); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (district court's decision on admissibility of lay opinion testimony "will be overturned only if it constitutes a clear abuse of discretion" (citation and quotation marks omitted)).

The district court did not abuse its discretion by ruling that Norman Halstead and Aquilla Frederick failed to submit expert testimony on causation because they failed to disclose any expert witnesses in their Federal Rule of Civil Procedure 26(a)(2) expert disclosures. *See* Fed. R. Civ. P. 26(a)(2); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc) (pro se litigants are held to same procedural rules as other litigants). Contrary to Norman Halstead and Aquilla Frederick's contentions, they did not request an extension of time for expert discovery and the district court did not exclude any of their proffered expert testimony on the basis of Federal Rule of Civil Procedure 37(c).

We reject as meritless and unsupported by the record Norman Halstead and Aquilla Frederick's contentions that the district court violated their due process rights, was biased, or failed to conduct a de novo review of the magistrate judge's Report & Recommendation.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

This case remains administratively closed as to appellant Gary Halstead. *See* Docket Entry Nos. 15, 22.

**AFFIRMED.**