**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEN NITAO, | No.    18-56385 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02532-DMG-KK |
| v. | |
| PACIFIC GAS & ELECTRIC COMPANY, a California corporation; DOES, 1 through 10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted September 8, 2020**

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Ken Nitao appeals pro se from the district court's summary judgment in his

42 U.S.C. § 1983 action alleging Fourteenth Amendment claims stemming from

alleged exposure to elevated levels of arsenic and uranium.  We have jurisdiction

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019). We affirm.

The district court properly granted summary judgment because plaintiff failed to raise a genuine dispute of material fact as to whether elevated levels of arsenic or uranium had the capacity to cause his alleged injuries, and whether plaintiff's alleged injuries resulted from his exposure to elevated levels of arsenic or uranium. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must [] demonstrate that the defendant's conduct was the actionable cause of the claimed injury."); *In re Hanford Nuclear Rsrv. Litig.*, 292 F.3d 1124, 1133-34 (9th Cir. 2002) (in a toxic tort case, plaintiff must demonstrate general causation, "whether the substance at issue had the capacity to cause the harm alleged," and specific causation, "whether a particular individual suffers from a particular ailment as a result of exposure to a substance").

The district court did not abuse its discretion by sustaining defendant's objections to certain evidence submitted by plaintiff in opposition to summary judgment because such evidence constituted inadmissible lay opinion on matters requiring scientific, technical, and specialized knowledge and neither plaintiff nor the other declarants were qualified as experts on such matters under Federal Rule of Evidence 702. *See* Fed. R. Evid. 701, 702; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (trial court's gatekeeping obligation applies to all types

18-56385

of expert testimony); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (district court's decision on admissibility of lay opinion testimony "will be overturned only if it constitutes a clear abuse of discretion" (citation and quotation marks omitted)).

The district court did not abuse its discretion by ruling that plaintiff failed to submit expert testimony on causation because plaintiff failed to disclose any expert witnesses in his Federal Rule of Civil Procedure 26(a)(2) expert disclosures. *See* Fed. R. Civ. P. 26(a)(2); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc) (pro se litigants are held to same procedural rules as other litigants). Contrary to plaintiff's contentions, plaintiff did not request an extension of time for expert discovery and the district court did not exclude any of his proffered expert testimony on the basis of Federal Rule of Civil Procedure 37(c).

We reject as meritless and unsupported by the record plaintiff's contentions that the district court violated his due process rights, was biased, or failed to conduct a de novo review of the magistrate judge's Report & Recommendation.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

18-56385

All pending motions and requests are denied.

**AFFIRMED.**