**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIKA JACOBS, | No. 19-16877 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00479-SPL |
| v. | |
| MESA POLICE DEPARTMENT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Erika Jacobs appeals pro se from the district court's summary judgment in

her 42 U.S.C. § 1983 action alleging federal and state law claims arising from a

traffic citation.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019).  We may

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Summary judgment was proper on Jacobs's constitutional claims because Jacobs failed to raise a genuine dispute of material fact as to whether any policy or custom of Mesa Police Department caused Jacobs to suffer constitutional injuries. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *see also Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("[A] municipality may not be held liable under § 1983 solely because it employs a tortfeasor." (citations and internal quotations marks omitted)).

Summary judgment was proper on Jacobs's race discrimination claim under the Civil Rights Act because Jacobs failed to establish a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) (setting forth burden-shifting framework under which plaintiff bears the initial burden to establish a prima facie case of discrimination); *Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014) (applying *McDonnell Douglas* burden-shifting framework to disparate treatment claims under Title VI).

The district court did not abuse its discretion by denying Jacobs's post-judgment motion for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147

19-16877

(9th Cir. 2010) (setting forth standard of review and grounds for recusal).  We reject as unsupported by the record Jacobs's contentions that the district court engaged in unethical tactics or behavior.

We reject as without merit Jacobs's contentions regarding applicability of the federal Whistleblower Protection Act or Manual of Uniform Traffic Control Devices for Streets and Highways.

We reject as unsupported by the record Jacobs's claim that audio and video recordings were tampered with and destroyed by police.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Jacobs's "motion to object order" (Docket Entry No. 20) is denied.

**AFFIRMED.**