**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO PEREYDA-RIOS, | No. 19-16695 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00032-RM |
| v. | |
| STEPHEN MORRISON, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| ARIZONA DEPARTMENT OF PUBLIC SAFETY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Marco Pereyda-Rios appeals pro se from the district court's summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in his 42 U.S.C. § 1983 action alleging Fourteenth Amendment due process violations caused by misinformation published on a sex offender website. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019). We affirm.

The district court properly granted summary judgment because Pereyda-Rios failed to raise a genuine dispute of material fact as to whether defendant Morrison was personally involved in any constitutional violation or whether there was a causal connection between Morrison's conduct and any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (citation and internal quotation marks omitted)).

We reject as without merit Pereyda-Rios's contention that the district court was biased against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                                          19-16695