**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY R. BLANSETTE, | No. 19-16220 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02878-DWL |
| v. | |
| CITY OF SCOTTSDALE, DBA Scottsdale Housing Agency, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted April 20, 2021[**]

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bradley R. Blansette appeals pro se from the district court's summary judgment in his action alleging violations under the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019). We affirm.

The district court properly granted summary judgment because Blansette failed to raise a genuine dispute of material fact as to whether he is a qualified individual with a disability or was discriminated against by the defendant by reason of disability. *See Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014) (setting forth elements of an ADA Title II claim); *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 979 (9th Cir. 1997) (no ADA violation where plaintiff's exclusion from program was based on plaintiff's failure to provide updated certification of a qualifying disability, and not the fact or perception that plaintiff had a disability).

The district court did not abuse its discretion by denying Blansette's motion for sanctions because Blansette failed to establish grounds for sanctions. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126-27 (9th Cir. 2002) (standard of review and grounds for sanctions under Fed. R. Civ. P. 11); *Fink v. Gomez*, 239 F.3d 989, 991-94 (9th Cir. 2001) (grounds for sanctions under 28 U.S.C. § 1927 and the court's inherent power).

We do not consider arguments and allegations raised for the first time on

19-16220

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**