**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDGAR IBARRA MENDOZA, an
individual,

            Plaintiff-Appellant,

  v.

CITY OF LOS ANGELES, JONATHAN
ROCHA, an individual, RODOLFO
LOPEZ, an individual, and DOES, 1-10,
inclusive

            Defendant-Appellees.

No.   21-56203

D.C. No. 2:18-cv-10561-PSG-Ex

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted December 6, 2022
Pasadena, CA

Before: BEA, IKUTA, and CHRISTEN, Circuit Judges.

    Edgar Ibarra Mendoza appeals the district court's order granting summary

judgment in favor of Los Angeles Police Department Officers Jonathan Rocha and

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Rodolfo Lopez (the Officers) in his civil rights action alleging violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983. The district court granted the Officers' motion for summary judgment, and Ibarra Mendoza appealed. We have jurisdiction under 28 U.S.C. § 1291 and review the order granting summary judgment de novo. *See Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019). We affirm the district court.

The district court did not err in holding that the only alleged instance of excessive force at issue is the Officers' failure to remove Ibarra Mendoza from the street. We do not consider whether any alleged pre-handcuffing uses of force were excessive because Ibarra Mendoza does not challenge any such uses of force in his opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). The district court did not err in holding that Ibarra Mendoza forfeited his claim that the Officers used excessive force by "beat[ing] him and threaten[ing] to tase him after he was handcuffed," because Ibarra Mendoza raised that claim for the first time in his opposition to the summary judgment motion. *See La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010). We reject Ibarra Mendoza's claim that the Officers left him handcuffed in the street for "one to five minutes," because it is contradicted by surveillance footage that, while not showing the accident itself, plainly

2

demonstrates that only seconds elapsed between the handcuffing and the accident. *See Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

Applying the factors set forth in *Graham v. Connor*, we conclude that the Officers' conduct was "'objectively reasonable' in light of the facts and circumstances confronting them." 490 U.S. 386, 397 (1989). The type and amount of force inflicted by the Officers' inaction was minimal, and arguably was not force at all, because "excessive force claims . . . require an affirmative act." *Herrera v. L.A. Unified Sch. Dist.*, 18 F.4th 1156, 1160 (9th Cir. 2021). Assessing the facts known to the Officers at the time, "including the severity of the crime at issue," *Graham*, 490 U.S. at 396, Ibarra Mendoza admitted that he had a loaded firearm in his waistband, indicating that serious felonies had been committed. Further, Ibarra Mendoza had "attempt[ed] to evade arrest by flight" before he was handcuffed, *Mattos v. Agarano*, 661 F.3d 433, 443 (9th Cir. 2011) (en banc), and such "flight impacts the calculus of whether [the Officers] acted reasonably," *Seidner v. de Vries*, 39 F.4th 591, 601 (9th Cir. 2022).

We also affirm the district court's order granting summary judgment to the Officers on Ibarra Mendoza's Fourteenth Amendment substantive due process claim. Assuming the "deliberate indifference" standard applies here, *see Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008), Ibarra Mendoza did not show that

3

the Officers subjectively intended to expose him to the risk of being run over while handcuffed in the street. The Officers remained in the street with Ibarra Mendoza until moments before the accident and had to jump out of the way to avoid being hit themselves, and the entire incident indisputably occurred within a matter of seconds.

**AFFIRMED**.