NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JONATHAN MORRIS,

        Plaintiff-Appellant,

  v.

CHAD F. WOLF, Secretary, United States
Department of Homeland Security,

        Defendant-Appellee.

No.   21-55860

D.C. No.
2:20-cv-01174-MWF-RAO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 16, 2023
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and RAKOFF,** District
Judge.

     Jonathan Morris appeals the district court's grant of summary judgment to

Chad Wolf on Morris's Title VII disparate treatment and retaliation claims. We

review a district court's grant of summary judgment de novo. *Stephens v. Union*

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     ** The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

*Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019). We affirm.

1. We analyze Morris's claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, Morris "must first establish a prima facie case of employment discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). That requires Morris to make four showings: (i) membership in a protected class; (ii) qualification for the position and satisfactory job performance; (iii) an adverse employment action; and (iv) differential treatment of similarly situated employees outside his protected class. *Id.* at 1156.

Morris has not shown that similarly situated employees outside his protected class received differential treatment. Two of Morris's co-workers, Lo and Nassar, were seen conversing for 10 minutes and were not disciplined; Morris was seen failing to fulfill his job duties for 46 minutes and was disciplined. Lo and Nassar were not similarly situated to Morris because both the type and severity of their conduct differed significantly from Morris's conduct. *See id.* at 1157 (similarity of conduct is assessed in terms of both "type and severity"). Morris therefore failed to establish a prima facie case of disparate treatment, and the district court did not err in granting summary judgment to Wolf on Morris's disparate treatment claims.

2. Although Morris has likely established a prima facie case of retaliation, he has not raised a triable issue of material fact as to whether the given reason for his

2

suspension—that he failed to fulfill his job duties for an extended period of time—was pretextual. *See id.* at 1155–56 (describing *McDonnell Douglas* burden-shifting framework). The district court thus did not err in granting summary judgment to Wolf on Morris's retaliation claim.

**AFFIRMED.**